IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-10-5241 |
| | § | CRIMINAL ACTION NO. H-08-347 |
| TERRENCE SPIDELL DURHAM | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**
**GRANTING UNITED STATES' MOTION TO DISMISS**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States' "Response and Motion to Dismiss Durham's Motion Filed under 28 U.S.C. §2255" (Document No. 69), and Movant Terrence Spidell Durham's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 64). Having considered the Motion to Vacate, Set Aside or Correct Sentence, the Memorandum in Support (Document No. 65), the United States' Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss be GRANTED, that Movant Durham's § 2255 Motion to Vacate, Set Aside, or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

**I. Procedural History**

Movant Terrence Spidell Durham ("Durham"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Durham's first attempt at relief under § 2255.

On May 13, 2008, Durham was charged by Criminal Information in Criminal Action No. H-08-347, with possession with intent to distribute 50 grams or more of methamphetamine. (Document No. 13). On September 1, 2009, pursuant to a written plea agreement, Durham pled guilty. (Document Nos. 46 & 67). Following his guilty plea and the preparation of a Presentence Investigation Report (Document No. 49), to which Durham's attorney stated that Durham had no objections (Document No. 47), Durham was sentenced on December 4, 2009, to 60 months incarceration, to be followed by a five year term of supervised release, a $2,000 fine, and a $100 special assessment fee. (Document No. 55).

On or about December 28, 2010, Durham filed a Motion to Vacate, Set Aside, or Correct Sentence. (Document No. 64). On January 5, 2011, the Government was ordered to respond to Durham's motion. (Document No. 66). On March, 30, 2011, the United States filed a Response and Motion to Dismiss. (Document No. 69). Durham has not filed any response in opposition. Durham's § 2255 motion is now ripe for ruling.

## II. Claims

Durham raises one ground for relief: actual innocence. Durham maintains he "never possessed any methamphetamine and never intended to distribute any methamphetamine as alleged in the criminal information." (Document No. 65 at 6).

The Government, in response to Durham's motion, maintains that no relief is available to Durham because he knowingly and voluntarily waived his right to collaterally challenge his conviction and sentence in a § 2255 proceeding such as this. In the alternative, the Government contends Durham failed to provide an excuse for not raising this claim on direct appeal. The Government also argues that Durham's claim of actual innocence is not cognizable in a § 2255

action. Finally, the Government states that Durham has failed to prove that his guilty plea was involuntary.

### III. Discussion – Waiver

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila*, 258 F.3d 448, 451-52 (6th Cir. 2001). When, however, a defendant alleges that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive the waiver if "the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). In addition, such waivers do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005), *cert. denied*, 546 U.S. 962 (2005).

In this case, the record shows that Durham entered into a written Plea Agreement with the Government, in which he waived his right to appeal, and waived his right to seek relief under 28 U.S.C. § 2255. The Plea Agreement provided as follows:

### Waiver of Appeal

> 9. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in 18 U.S.C. § 3742. Additionally, the defendant is aware that 28 U.S.C. 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction has become final. The defendant waives the right to contest his conviction or sentence by

3

> means of any post-conviction proceeding, including but not limited to proceedings authorized by 28 U.S.C. § 2255. In the event that the defendant files a notice of appeal following sentencing, the United States will assert its rights under this Agreement and seek specific performance of this waiver.
>
> 10. In exchange for this Agreement with the United States, the defendant waives all defenses based in venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed, in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates any provision of this Agreement, or (c) the defendant's plea is later withdrawn.
>
> 11. In agreeing to these waivers, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentence range under the *Sentencing Guidelines* that he may have received from his counsel, the United States, or the Probation Office is a prediction, not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. The defendant further understands and agrees that the *Sentencing Guidelines* are "effectively advisory" to the Court. *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, the defendant understands that, although the Court must consult the *Sentencing Guidelines* and must take them into account when sentencing him, the Court is bound neither to follow the *Sentencing Guidelines* nor to sentence the defendant within the guideline range calculated by use of the *Sentencing Guidelines*.
>
> 12. The defendant understand and agrees that each and all of his waivers contained in this Agreement are made in exchange for the corresponding concessions and undertakings to which this Agreement binds the United States.

(Document No. 46). Durham signed and swore to the terms of the Plea Agreement. In addition, as an addendum to the Plea Agreement, Durham represented as follows:

> I have consulted with my attorney and fully understand all my rights with respect to the Criminal Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the *United States Sentencing Commission Guidelines Manual* which may apply in my case. I have read and carefully reviewed every part of the Agreement with my attorney. I understand the Agreement, and I voluntarily agree to its terms.

*Id.*

Thereafter, at his Rearraignment on September 1, 2009, the Court, after making sure that Durham had read the Plea Agreement, and had conferred with his attorney about the contents of

the Plea Agreement, carefully advised Durham of the consequences of his plea, and questioned Durham about the waiver provisions in the Plea Agreement:

> THE COURT: All right. Now, down here on Page 4, there is another section called Waiver of Appeal, and here it states that you are aware of your right to appeal the sentence imposed, and that you have the right to appeal on any ground set forth there in the statute, and that you are also aware -- well, let's cover that first, dropping down a little bit. It says that you waive -- in that second sentence, you agree to waive your right to appeal the sentence. That is, you give up your right to appeal to a higher court any sentence that the Court imposed.
>     You understand?
>
> DEFENDANT DURHAM: Yes, sir.
>
> THE COURT: So, if I make a mistake, you have to live with that and can't appeal to a higher [court]; you understand?
>
> DEFENDANT DURHAM: Yes, sir.
>
> THE COURT: Then this next sentence deals with this Section 2255, 28 U.S. Code, Section 2255, which states that you have a right to contest or collaterally attack a conviction after it becomes final. Have you heard of a Petition for Writ of Habeas Corpus?
>
> DEFENDANT DURHAM: No, sir.
>
> THE COURT: Well, it's that kind of a thing. What that would entail is, sometimes a person in prison wants to file a petition under this Section 2255, or under the concept of habeas corpus, to get out of prison, making a contention that the proceeding where he was convicted and sentenced was unconstitutional or violated his constitutional rights or lawful rights in some way or another. And so he files a new suit after the present case has already been concluded.
>     So, for example, if you plead guilty and you are found guilty and you are sentenced and this case is all over and final, what this indicates is that you might have the right there under 2255 to file a new case to challenge the legality of these proceedings.
>     Do you understand?
>
> DEFENDANT DURHAM: Yes, sir.
>
> THE COURT: But then it says, knowing that, you are going to waive and give up your right to have any kind of contest or collateral attack upon this proceeding at a later time. You understand?
>
> DEFENDANT DURHAM: Yes, sir.

      THE COURT: Now, is that your agreement?

      DEFENDANT DURHAM: Yes, sir.

Rearraignment Transcript (Document No. 67) at 13-15. Thereafter, following a lengthy discussion with Durham about the offense to which he was pleading guilty, the maximum sentence he faced, and the factual basis for the charge and his guilty plea, the Court determined that Durham's guilty plea, and his waivers of his right to appeal and collaterally attack his conviction and/or sentence, were all knowing and voluntary. *Id.* at 26-27.

      Durham's plea agreement waivers of his right to collaterally attack his conviction and/or sentence with a § 2255 motion is, upon the record, enforceable. Durham has not alleged that his Plea Agreement or the waivers contained therein were not knowing and voluntary. In addition, Durham has not asserted any ineffectiveness claims that have any bearing on the knowing and voluntary nature of his Plea Agreement and the waivers contained therein. The record shows that Durham affirmed having read the entire Plea Agreement and having discussed its contents with counsel. Moreover, Durham affirmed that the Plea Agreement contained the entirety of his agreement with the Government and acknowledged that any sentence prediction that he had received from his counsel or the Government was a prediction, not a promise. Finally, Durham's sentence does not exceed the statutory maximum – that is, the maximum sentence allowed by statute. *See United States v. Bond*, 414 F.3d at 542, 545-46 (2005) (construing the phrase "statutory maximum" in a plea agreement waiver to mean "the upper limit of punishment that Congress has legislatively specified for violations of a statute").

      Based on Durham's statements on the record, which carry a strong presumption of verity, *Blackledge v. Allison*, 431 U.S. 63, 73 (1977), and the substantial record which shows that Durham's guilty plea and waiver of his right to file a § 2255 proceeding were knowing and

voluntary, the plea agreement waiver is enforceable and this § 2255 proceeding is subject to dismissal.

**IV. Conclusion and Recommendation**

Based on the foregoing and the conclusion that there is no genuine issue of material fact as to the knowing and voluntary nature of Durham's guilty plea and his waiver of his right to collaterally attack his conviction, the Magistrate Judge

RECOMMENDS that the United States' Motion to Dismiss (Document No. 69) be GRANTED, that Movant Durham's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 64) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objection shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 13th day of July, 2011.

                                      FRANCES H. STACY
                                      UNITED STATE MAGISTRATE JUDGE